UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

v.  Case No. 5:20cr6-TKW

**DERRICK R. BROKENBURR**,

    **Defendant**.

_____/

## OPINION AND ORDER

Defendant pled guilty to misdemeanor possession of marijuana within Tyndall Air Force Base. The guideline range calculated in the Presentence Investigation Report (PSR) was 0 to 6 months. At the sentencing hearing, Defendant and the Government asked for a sentence of probation, but the magistrate judge sentenced Defendant to 60 days of incarceration, followed by 18 months of supervised release, a $1,000 fine, and a $25 special monetary assessment. This is Defendant's appeal.[1]

Defendant argues on appeal that the sentence should be vacated because it is substantively unreasonable.[2] The Court reviews this claim under the deferential

---

[1] The Court has jurisdiction. *See* 18 U.S.C. §§3402, 3742(h); Fed. R. Crim. P. 58(g)(2)(B); N.D. Fla. Loc. R. 88.2.

[2] Defendant does not challenge the procedural reasonableness of his sentence, nor could he because the record shows that the magistrate judge properly calculated the guideline range, did not treat the guidelines as mandatory, considered §3553(a) factors, did not base the sentence on clearly erroneous facts, and adequately explained the sentence. *See United States v. Umana*, 411 F. App'x 249, 252 (11th Cir. 2011) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)).

abuse of discretion standard of review. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254–56 (11th Cir. 2015).

The sentencing court (here, the magistrate judge) abuses its discretion when it fails to consider relevant factors that were due significant weight, gives an improper or irrelevant factor significant weight, or commits a clear error of judgment in considering the proper factors. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc). The reviewing court (here, this Court) will not vacate a sentence unless the court possesses a "definite and firm conviction that the [sentencing] court committed a clear error of judgment in weighing the §3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Id.* at 1190 (quoting *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008)).

The fact that the sentence imposed by the magistrate judge is well below the one-year statutory maximum is an indication of its reasonableness. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008). Likewise, the fact that the sentence is within the range calculated by the Sentencing Guidelines suggests that it is reasonable. *See United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008) ("Although we do not automatically presume a sentence within the guidelines range is reasonable, we 'ordinarily . . . expect a sentence within the Guidelines range to be reasonable.'") (quoting *United States v. Talley,* 431 F.3d 784, 788 (11th Cir. 2005)).

Despite the fact that the sentence is towards the low-end of the guideline range, Defendant claims that it is unreasonable because (1) the magistrate judge "failed to give [Defendant]'s case individualized consideration" and (2) the sentence was "unnecessarily harsh and most certainly greater than necessary to achieve the goals of sentencing." The record refutes both claims.

First, contrary to Defendant's argument that the "only" factor personal to Defendant cited by the magistrate judge was that Defendant was on probation from two previous cases[3] when he committed the offense in this case, the record reflects that all the findings in the PSR were incorporated into the sentence and that the magistrate judge specifically referred to various paragraphs of the PSR when explaining the sentence. The magistrate judge not only referred to the paragraphs discussing Defendant's prior convictions and sentences, but he also referred to the paragraphs discussing Defendant's family situation, employment status,[4] and his daily marijuana usage before he was placed on pretrial supervision. Additionally, after the magistrate judge asked whether there were any objections to his findings or the sentence imposed, Defendant clarified—and the magistrate judge specifically acknowledged—that he was not on "probation" at the time of this offense but rather

---

[3] Defendant had two prior state court convictions (in 2011 and 2012) for drug possession for which he was sentenced to 40 days in jail and terms of probation.

[4] The PSR indicated that Defendant was unemployed, but defense counsel advised the magistrate judge that Defendant had obtained employment after the PSR was prepared.

was only "under sentence still" because of unpaid financial obligations. Accordingly, there is no merit to Defendant's claims that his "probationary status" was "the only factor the [magistrate judge] considered" or that this fact—which Defendant concedes "is relevant and bears some consideration"—was "taken out of context."

Second, contrary to Defendant's argument that his sentence is "unnecessarily harsh" and "greater than necessary to achieve the goals of sentencing," the Court has no basis to conclude that the magistrate judge committed a clear error of judgment in weighing the §3553(a) factors. The sentencing court (not the reviewing court) is charged with determining the weight to be afforded to each of the §3553(a) factors, and the sentencing court has the discretion to give one factor more weight than others. *See United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015) ("The decision about how much weight to assign a particular sentencing factor is 'committed to the sound discretion of the [sentencing] court.'") (quoting *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008)).

Here, the magistrate judge explained that the sentence was intended to "act as a general deterrent to others for similar conduct and a specific deterrent with respect to this Defendant" and stated that "additional punishment [was] warranted [because it was] particularly serious to commit a crime while . . . under the sentence of another court." Deterrence (general and specific) and promoting respect for the law are

proper sentencing goals, *see* 18 U.S.C. §3553(a)(2)(A)-(C), and the sentence imposed by the magistrate judge furthers these goals. *See, e.g., United States v. Cruz-Rodriguez*, 735 F. App'x 1019, 1022 (11th Cir. 2018) ("[T]here was nothing improper in the district court's considering the length of [the defendant's] prior illegal reentry sentence, which did not deter him from reentering the United States, in determining what length of sentence would adequately deter him in the future."). The fact that the magistrate judge could have crafted a different sentence that also furthered these goals is immaterial because the "sentence need not be the most appropriate one, it need only be a reasonable one." *Irey*, 612 F.3d at 1191; *see also Gall*, 552 U.S. at 51 ("The fact that the [reviewing] court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the [sentencing] court.").

Accordingly, for the reasons stated above, Defendant's sentence is **AFFIRMED**.[5]

---

[5] The Court has not overlooked Defendant's argument regarding the public health risks of incarcerating him during the ongoing public health crisis related to the COVID-19 virus. *See* Doc. 8, at 4-5. However, not only was this argument (and others) improperly raised for the first time in the reply brief, *see United States v. Coy*, 19 F.3d 629, 632 n.7 (11th Cir. 1994), the Court fails to see how it has any bearing on the question of whether the magistrate judge abused his discretion in imposing the sentence that he did. There is no indication in the record that the magistrate judge was even aware of the virus when the sentence was imposed on January 15, 2020, and the Court sees nothing in §3553(a) or the Sentencing Guidelines requiring—or even allowing—the sentencing court to consider the conditions Defendant may face while in confinement when determining the appropriate sentence. Moreover, it is noteworthy that had Defendant started serving his sentence when it was imposed, *cf.* Doc. 5 (granting Defendant's motion to stay imposition of the sentence pending disposition of this appeal), he would have been released by

Additionally, it is **ORDERED** that any motion for rehearing shall be filed within 7 days of the date of this Opinion, and the response shall be filed 7 days after service of the motion. If no motion is filed, the Clerk enter the judgment or mandate and close the case file.

**DONE and ORDERED** this 27th day of March, 2020.

*T. Kent Wetherell, II*
**T. KENT WETHERELL, II**
**UNITED STATES DISTRICT JUDGE**

---

now and he would not be facing the risk—whatever it might be—of reporting to prison during the public health crisis.